IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILLY D. TURNER,
    Petitioner,

v.                                Case No. 3:10cv439/LC/MD

WALTER A. MCNEIL,
    Respondent.
_____

## ORDER and
## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner has also filed two motions for enlargement of time, or alternatively, to hold the petition in abeyance. (Doc. 3, 9). The first motion seeks to hold the petition in abeyance pending petitioner's receipt of state-court records to support his petition. (Doc. 3). The second motion seeks an extension of time in which to respond to this court's order requiring him to submit proof that he obtained the requisite authorization to file this second or successive § 2254 petition. (Doc. 9). After careful consideration, it is the opinion of the undersigned that petitioner's motions should be denied and this action dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner challenges his 2000 conviction for capital sexual battery on a child less than twelve years of age entered in the Circuit Court of Santa Rosa County, Florida. He claims he is "actually innocent" of the offense and that the state court's denial of his motion for postconviction DNA testing was contrary to clearly established Federal law. (Doc. 1). Petitioner admits on the petition form that he

previously filed a § 2254 petition in this court challenging the validity of his confinement. He identifies the case number as 3:04cv234/MCR/MD. (Doc. 1, p. 3; *see also* Doc. 9, p. 2). In response to this court's order (doc. 6) directing him to show cause why his petition should not be dismissed as an unauthorized second or successive petition, petitioner has moved for an extension of time, conceding that he should have obtained the Eleventh Circuit's authorization before filing his petition, and requesting a fifty-day extension so that he may prepare the necessary application and receive a ruling from the Eleventh Circuit. (Doc. 9).

## DISCUSSION

### "Second or Successive" Habeas Corpus Application

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2005); *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that has not been previously authorized by an appellate court. *Burton*, 127 S.Ct. at 796, 799 (holding that district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition); *Hubbard v. Campbell*, 379 F.3d 1245 (11th Cir. 2004) (holding that district court was obliged to dismiss second or successive § 2254 petition for lack of subject matter jurisdiction, where petitioner failed to obtain the Eleventh Circuit's permission to file it); *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The court takes judicial notice of its own records[1] which confirm that on June 28, 2004, petitioner filed a § 2254 petition in this court challenging the same conviction and sentence. (*See Turner v. McDonough*, Case Number 3:04cv234/MCR/MD). His amended petition was denied on April 26, 2007. (*Id.*, docs. 45, 62 & 63). His appeal was dismissed on June 7, 2007. (*Id.*, doc. 72).

The record therefore establishes that the instant habeas petition is second or successive, and that petitioner failed to obtain the requisite authorization from the Eleventh Circuit <u>before</u> filing the petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. As petitioner did not have the requisite permission at the time of filing, a stay or extension should not be granted, and this case should be dismissed without prejudice to allow petitioner the opportunity to obtain such authorization <u>before</u> filing a petition in this court.

## Certificate of Appealability

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

---

[1] The court has the authority to take judicial notice of its own documents. *See United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

*Case No: 3:10cv439/LC/MD*

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is **ORDERED**:

Petitioner's motions for enlargement of time or for a stay (docs. 3, 9) are **DENIED**.

And it is respectfully **RECOMMENDED**:

1. That this § 2254 petition (doc. 1) be **DISMISSED WITHOUT PREJUDICE** as an unauthorized second or successive habeas corpus application.

2. That the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida this 22nd day of December, 2010.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**